**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

---

|                          |   |                                |
|--------------------------|---|--------------------------------|
| JUSTIN L. MARINO,        | : |                                |
|                          | : | Civ. Action No. 16-4347 (RMB)  |
| Petitioner               | : |                                |
|                          | : |                                |
| v.                       | : | **OPINION**                    |
|                          | : |                                |
|                          | : |                                |
| WARDEN J. HOLLINGWORTH,  | : |                                |
|                          | : |                                |
| Respondent               | : |                                |
|                          | : |                                |

---

**BUMB**, District Judge

Petitioner, Justin L. Marino, a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the Bureau of Prison's ("BOP") denial of early release upon completion of a Residential Drug Program ("RDAP"). (Pet., ECF No. 1.) He subsequently filed an amended petition. (Am. Pet., ECF No. 7.) Respondent filed a response, opposing habeas relief. (Response, ECF No. 8.) Petitioner filed a reply and declaration in support thereof. (Petr's Reply, ECF No. 11; Petr's Decl., ECF No. 12.) For the reasons discussed below, the Court will deny the petition.

I. BACKGROUND

On January 27, 2014, while incarcerated in FCI Oakdale, in Oakdale, Louisiana, a BOP staff member screened Petitioner for RDAP participation and found him eligible based on his history of alcohol and cannabis dependence. (Declaration of Sharon Kotch ("Kotch Decl.") ¶3, Ex. 2, ECF No. 8-2 at 6.) Petitioner signed an agreement to participate in RDAP on January 27, 2014, and he commenced the program at FCI Fort Dix on October 15, 2015. (Kotch Decl., Exs. 1 & 3; ECF No. 8-2 at 6, 8-10.)

Pursuant to BOP Program Statement 5331.02, Early Release Procedures under 18 U.S.C. § 3621(e),[1] the Drug Abuse Program Coordinator at FCI Oakdale requested that the BOP's Designation and Sentence Computation Center ("DSCC") determine whether Petitioner's offense precluded him from early release. (Kotch Decl., ¶4, Ex. 4, ECF No. 8-2 at 12.) On January 30, 2014, the DSCC determined that Petitioner was ineligible for early release because his convictions involved a sexual abuse offense against a minor. (Id.)

Petitioner filed an administrative grievance on October 13, 2015, arguing that he should qualify for early release because his conviction was not for a crime of violence. (Declaration of Tara Moran ("Moran Decl.") Ex. 2, ECF No. 8-1 at 9.) In a "Request for

---

[1] Available at https://www.bop.gov/policy/progstat/5162.005.pdf

Administrative Remedy" to Warden Hollingsworth, Petitioner stated that the BOP relied on Program Statement 5162.05(3)(a) to categorically deny him early release because it found his conviction under 18 U.S.C. § 2422(b) is a violent crime. (Moran Decl., Ex. 2, ECF No. 8-1 at 9.) Petitioner argued that the BOP Program Statement only applied to § 2422(a) "coercion into interstate travel for illegal sexual activity" but he was convicted under § 2422(b), coercing any individual to engage in any sexual activity for which any person can be charged with a criminal offense. (Id.)

Warden Hollingsworth responded that:

> According to 28 CFR §550.55(b)(5)(iv), a crime that, by its nature or conduct, involves sexual abuse offenses committed upon minors is a precluding offense for early release eligibility under § 3621(e). The Designation and Sentencing Computation Center (DSCC) determined your current conviction for 18 U.S.C. § 2422[b] Use of a Computer to Entice a Minor to Engage in Sexual Activity, meets the above criteria set forth in policy. Further, according to Program Statement 5162.05, Categorization of Offenses, your current conviction is categorized as a crime of violence, which precludes you from early release eligibility. Accordingly, your request is denied.

(Moran Decl., Ex. 2, ECF No. 8-1 at 10.)

Petitioner appealed the Warden's decision, arguing that his offense did not constitute a crime of violence. (Moran Decl., Ex. 3, ECF No. at 8-1 at 12.) The Regional Director affirmed the

3

Warden's decision. (Moran Decl., Ex. 3, ECF No. at 8-1 at 13.) Petitioner appealed to the Central Office, which noted Petitioner was expelled from RDAP on February 4, 2016, therefore, no relief was warranted. (Id., Ex. 4, ECF No. 8-1 at 15.)

Respondents note that Petitioner was reinstated to RDAP on July 29, 2016. (Response, ECF No. 8 at 12 n. 4.) Respondents do not contest that Petitioner exhausted his administrative remedies. (Id.)

II.  THE AMENDED PETITION, RESPONSE AND REPLY

A.  The Amended Petition

In his amended petition, Petitioner presents four grounds for relief:

> Ground One:    BOP's definition of a "Crime of Violence" as being "Vague" and that Plaintiff's offense "Does Not Involve … Violent …" conduct. Plaintiff relies upon case law of the 10th Circuit and the U.S. Supreme Court.[2]

> Ground Two:    Pursuant to doctrines of res judicata and collateral estoppel BOP prohibited from resurrecting claim of violence based upon Walsh Act violations.

(Am. Pet., ECF No. 7-8 at ¶13.)

In support of Ground Two, Petitioner states,

> Plaintiff's sentencing transcript at P. 24, Lines 9-10 establishes that the prosecution admitted in open court that Plaintiff was not subject to the Walsh Act. The judicial

---

[2] Petitioner did not cite any specific cases in his petition, but he cited caselaw in his administrative remedy request and appeals.

> admissions of the prosecution are conclusive.
> The BOP is, therefore, collaterally estopped
> from asserting reasons based upon the Walsh
> Act as the basis for denying Plaintiff early
> release upon Plaintiff's completion of the
> Residential Drug Program, similarly the BOP is
> precluded from asserting reasons based upon
> the Walsh Act [and] the doctrine of res
> judicata.

(Id.)

In Ground Three, Petitioner contends his Fifth Amendment protection against double jeopardy was violated. (Id.) In support of this claim, Petitioner states,

> Prosecution's statements in open court (see
> Sentencing Transcript at P. 24, Lines 9-10)[3]
> that Walsh Act did not apply to Plaintiff
> constitute judicial admissions that
> conclusively concedes that truth of a fact
> alleged and that may not be subsequently
> refuted. By direct inference, the underlying
> reason for the Warden's determination the
> Plaintiff is ineligible for early release upon
> completion of the Residential Drug Program
> violates Plaintiff's double jeopardy
> protections under the 5th Amendment to the U.S.
> Constitution. Claim asserted in BP-10 and BP11
> but not BP-9.

(Id.)

In Ground Four, Petitioner alleges he was treated differently than other similarly situated inmates. (Id. at 9.) In support of this claim he states,

---

[3] Petitioner did not submit a copy of his sentencing transcript. The Court will accept Petitioner's allegations of fact concerning the sentencing transcript as true for purposes of this petition.

> Upon completion of the RDAP, Plaintiff was
> denied early release by the Warden on the
> putative grounds that Plaintiff's offense was
> in violation of the Walsh Act, however,
> Plaintiff was specifically informed by prison
> staff Dr. Houseman that other similarly
> situated prison inmates with the same
> conviction received and/or were [awarded]
> early release upon their successful completion
> of the RDAP.

(Am. Pet., ECF No. 1 at 9.) For relief, Plaintiff seeks a finding

that he is eligible for early release upon successful completion

of a Residential Drug Program. (Id., ¶15.)

B.    The Response

Respondent submits that Petitioner is serving a 151-month

sentence for using a computer to entice a minor to engage in sexual

activity in violation of 18 U.S.C. § 2422. (Response, ECF No. 8 at

6.) Respondents contend the BOP's categorical exclusion of certain

sex offenders from early-release eligibility is supported by the

Supreme Court decision in Lopez v. Davis, 531 U.S. 230, 242 (2001).

Further, Respondents argue that Petitioner does not have a liberty

interest in a sentence reduction for participation in RDAP. (Id.

at 6-7.)

C.    The Reply

Petitioner asserts that Dr. Joshua Houseman, Drug Abuse

Program Coordinator at FCI Fort Dix, admitted to Petitioner that

other inmates with convictions similar to his own, under the same

category offense under 18 U.S.C. § 2422, were awarded early release

following successful completion of RDAP. (Petr's Reply, ECF No. 11 at 6-7.) Petitioner thus contends the BOP's decision denying him early release was arbitrary and capricious.

Petitioner acknowledges a circuit split over the definition of "sexual activity" as described in 18 U.S.C. § 2422(b). (Id., ECF No. 11 at 7-8.) Petitioner contends the circuit split does not explain why the BOP awards early release to some inmates but not others with the same category of offense under § 2422(b). Petitioner concludes, "[t]he net effect of the Respondent awarding early release to some inmates and denying early release to others and all of whom have convictions for the same § 2422(b) offense category as Petitioner is discriminatory" and violates his right to equal protection under the laws. (Id. at 9.) As to this claim, Petitioner states "[s]olely in dispute is the inconsistent application of the determination of "early release" to inmates with the same § 2422(b) offense category as [Petitioner's] which Petitioner submits is "arbitrary, capricious and manifestly contrary to statute." (Petr's Reply, ECF No. 11 at 10.)

Petitioner further asserts that the BOP's denial of his request for early release violated his Fifth Amendment protection against double jeopardy and the doctrines of res judicata and collateral estoppel. (Id.) In support of this claim, Petitioner contends that under the Walsh Act, if a defendant is charged with a crime of violence,

> the court must hold a hearing to determine
> whether there exist conditions of release that
> will reasonably assure the person's appearance
> and the safety of any person and the community
> if charged with an offense(s) involving either
> (a) a minor victim, (b) firearms, (c)
> dangerous weapons, or (d) the failure to
> register as a sex offender. The Adam Walsh Act
> also makes clear the meanings of 'a minor
> victim', the "safety of any person and the
> community", and 'a crime of violence.'

(Id. at 11.)

Petitioner explains that during his entry of plea, the trial court noted the Adam Walsh Act did not apply to him, and the government agreed. (Id. at 12.) Therefore, he was released on bond and permitted to self-surrender after sentencing. (Id.) Petitioner maintains that the trial court's ruling is a binding decision that Petitioner's offense was not a "crime of violence" and that his offense does not pose a threat to the "safety of any person and the community." (Id.) He contends the BOP does not have independent authority over an issue mandated by the sentencing court. (Id.)

Petitioner next argues that Respondent may not exclude those convicted of nonviolent offenses from early release consideration under 28 C.F.R. § 550.58 and BOP Program Statement 5162.04. (Id. at 12-13.) Additionally, Petitioner contends the BOP's request for an offense review of Petitioner's eligibility for RDAP violates the doctrine of double jeopardy and "is inconsistent with the statutory language because it allows Respondent to rely upon factors other than whether the crime of conviction was nonviolent

in making the initial determination as to whether a prisoner is eligible to be considered for early release under 18 U.S.C. § 3621(e)(2)(B)." (Id. at 12-13.)

## II. DISCUSSION

### A. Legal Standard

28 U.S.C. § 2241 provides, in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions . . .

> (c) The writ of habeas corpus shall not extend to a prisoner unless—

> . . .

> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; . . .

Petitioner alleges violation of his Fifth Amendment protection against double jeopardy and the Fifth Amendment right to equal protection under the law. See U.S. v. Windsor, 570 U.S. 744, 774 (2013) ("The liberty protected by the Fifth Amendment's Due Process Clause contains within it the prohibition against denying to any person the equal protection of the laws") (citations omitted).

18 U.S.C. § 3621(e)(2)(B) provides:

> (2) Incentive for prisoners' successful completion of treatment program.—

> . . .

> (B) Period of custody.--The period
> a prisoner convicted of a nonviolent
> offense remains in custody after
> successfully completing a treatment
> program may be reduced by the Bureau
> of Prisons, but such reduction may
> not be more than one year from the
> term the prisoner must otherwise
> serve.

To implement the early release program, the BOP published a rule in 1995 which made all inmates currently incarcerated for a "crime of violence" ineligible for the program, based on the statute's limitation of the incentive to prisoners convicted of "nonviolent offenses." Lopez v. Davis, 531 U.S. 230, 233 (2001) (citing 60 Fed.Reg. 27692-27695; 28 CFR § 550.58.)) In a BOP Program Statement, the BOP defined "crimes of violence" to include "a drug trafficking conviction under 21 U.S.C. § 841, if the offender … [received a sentencing enhancement] for possessing a dangerous weapon during the commission of the drug offense." Id. at 233-34.

A circuit split developed over the validity of including drug trafficking convictions as crimes of violence, which forced courts to look at sentencing factors to determine whether the offender was convicted of a crime of violence. Id. at 234. This prompted the BOP to publish a new regulation in 1997. Id. at 235.

> Like the 1995 rule, the current regulation
> excludes from early release eligibility
> offenders who possessed a firearm in
> connection with their offenses. In contrast to
> the earlier rule, however, the 1997 regulation

> does not order this exclusion by defining the
> statutory term "prisoner convicted of a
> nonviolent offense" or the cognate term
> "crimes of violence." Instead, the current
> regulation relies upon "the discretion
> allotted to the Director of the Bureau of
> Prisons in granting a sentence reduction to
> exclude [enumerated categories of] inmates."

Id. The BOP exercised its discretion in this manner because it

believed that preconviction conduct of armed offenders and certain

recidivists posed a particular risk to the public. Id. at 236. The

Supreme Court held that the regulation was a permissible

interpretation of the statute. Id. at 244.

The present version of the regulation is found at 28 CFR §

550.55, which provides, in relevant part:

> (a) Eligibility. Inmates may be eligible for
> early release by a period not to exceed twelve
> months if they:
>
>> (1) Were sentenced to a term of
>> imprisonment under either:
>>
>>> (i) 18 U.S.C. Chapter 227,
>>> Subchapter D for a nonviolent
>>> offense; or
>>>
>>> (ii) D.C. Code § 24-403.01 for a
>>> nonviolent offense, meaning an
>>> offense other than those included
>>> within the definition of "crime of
>>> violence" in D.C. Code § 23-1331(4);
>>> and
>>>
>>> (2) Successfully complete a RDAP, as
>>> described in § 550.53, during their
>>> current commitment.
>
> (b) Inmates not eligible for early release. As
> an exercise of the Director's discretion, the

following categories of inmates are not eligible for early release:

. . .

>   (5) Inmates who have a current felony conviction for:

>   . . .

>>    (iv) An offense that, by its nature or conduct, involves sexual abuse offenses committed upon minors. . .

28 CFR § 550.55 (effective March 16, 2009 to May 25, 2016).

B.  Analysis

>   1.  Whether BOP's Definition of Crime of Violence is Vague, and Whether BOP erred in finding Petitioner's offense violent

In the final rule issued in advance of the regulation excluding from eligibility inmates who had a current felony conviction for an offense involving sexual abuse offenses committed upon minors, the BOP explained:

>   [S]exual abuse offenses committed against minors exhibit a particular dangerousness to the public and often entail violent or threatening elements that resonate with victims and the community as a whole. Because of this, the Director has chosen to use his discretion to exclude offenders of these offenses from early release consideration.

>   The Director's rationale was mirrored by the enactment of the Adam Walsh Child Protection and Safety Act of 2006 (Walsh Act). The Walsh Act specifically expanded the definition of "sex offense" to include "a criminal offense that is a specified offense against a minor" and to include all offenses by "child predators." Public Law 109-248, section 111,

12

120 Stat. 587, 591-92 (2006). The Walsh Act also expanded the National Sex Offender Registry by integrating the information in state sex offender registry systems to ensure that law enforcement has access to the same information across the United States. Section 113, 120 Stat. at 593-94; *see also* 2006 U.S.C.C.A.N. S35, S36. This evidences the intent of Congress to encompass any offense relating to minors that involves sexual conduct, and to limit public exposure, including early release opportunities, to inmates found to have these types of offenses in their backgrounds. We therefore deny early release eligibility to such inmates in conformance with Congressional intent and recognition of the seriousness of such offenses.

74 Fed.Reg. 1892, 1894 (Jan. 14, 20009).

Interpreting § 3621(e)(2)(B) in <u>Lopez</u>, the Supreme Court held:

Beyond instructing that the Bureau has discretion to reduce the period of imprisonment for a nonviolent offender who successfully completes drug treatment, Congress has not identified any further circumstance in which the Bureau either must grant the reduction, or is forbidden to do so. In this familiar situation, where Congress has enacted a law that does not answer "the precise question at issue," all we must decide is whether the Bureau, the agency empowered to administer the early release program, has filled the statutory gap "in a way that is reasonable in light of the legislature's revealed design." *NationsBank of N.C., N.A. v. Variable Annuity Life Ins. Co.*, 513 U.S. 251, 257, 115 S.Ct. 810, 130 L.Ed.2d 740 (1995) (citing *Chevron*, 467 U.S., at 842, 104 S.Ct. 2778); *see also Reno v. Koray*, 515 U.S. 50, 61, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995) (deferring to BOP's interpretation of statute).

13

Lopez, 531 U.S. at 242. The Court further held that it was permissible for the BOP to categorically exclude prisoners based on their preconviction conduct, and that the BOP "reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." Id. at 244.

Petitioner's claim that BOP's definition of crime of violence is vague and that the BOP erred in finding his offense violent is not relevant here because the BOP relied on its discretionary authority to categorically exclude prisoners from eligibility, as approved by the Supreme Court in Lopez. See Kotch Decl., Ex. 4, ECF No. 8-2 at 12.

Petitioner asserted the BOP's determination was unreasonable, arbitrary and capricious. Although Petitioner appears to be confused about how the BOP arrived at the conclusion that he is not eligible for RDAP early release, this Court will address whether the BOP's categorical exclusion of inmates convicted of crimes involving sexual abuse of minors is reasonable based on the legislative intent behind § 3621(e)(2)(B). See Lopez, 531 U.S. at 244 (holding the BOP "may categorically exclude prisoners based on their preconviction conduct.")

First, the Court notes the BOP did not make an individual determination that the Walsh Act applied to Petitioner. The BOP, when it decided to categorically exclude inmates from eligibility for early release based on conviction for a sexual abuse offense against a minor, considered the legislative intent behind the Walsh Act to expand the definition of punishable sex offenses to any offense relating to minors that involves sexual conduct, and the Congressional intent to limit public exposure of inmates found to have these types of offenses in their backgrounds. 74 Fed.Reg. 1892, 1894 (Jan. 14, 20009).

The Supreme Court's holding in <u>Lopez</u>, that "[t]he Bureau reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision[,]" is instructive here. As in <u>Lopez</u>, the BOP gave reasons to support a policy of public protection and, thus, reasonably interpreted the legislative grant of discretion in § 3621(e)(2)(B) to categorically deny offenders whose conduct of conviction involved sexual abuse of a minor, because persons who committed such offenses "exhibit a particular dangerousness to the public and often entail violent or threatening elements that resonate with victims and the community as a whole." <u>See</u> <u>Gardner v. Grandolsky</u>, 585 F.2d 786, 792 (3d Cir. 2009) ("we find it extremely significant

that in Lopez, the Supreme Court upheld both the reasonableness of the 1997 interim regulation and the BOP's public safety rationale.") Therefore, Ground One of the petition is denied.

>    2.    Whether Res Judicata or Collateral Estoppel preclude the BOP from "asserting reasons based upon the Walsh Act as the basis for denying Plaintiff early release upon Plaintiff's completion of the Residential Drug Program"

The Third Circuit defined the doctrine of collateral estoppel:

> Collateral estoppel is a judicial doctrine that precludes relitigation of an issue already decided in a previous proceeding if "(1) the issue decided in the prior adjudication was identical with the one presented in the later action, (2) there was a final judgment on the merits, (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication, and (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action." *Dici v. Pennsylvania*, 91 F.3d 542, 547-48 (3d Cir. 1996).

Kedra v. Schroeter, 876 F.3d 424, 434 n.2 (3d Cir. 2017), cert. denied, 138 S. Ct. 1990 (2018).

Here, the issue decided in Petitioner's prior criminal action is not identical to the issue decided by the BOP. In Petitioner's criminal prosecution, the prosecution agreed that Petitioner was not subject to the Walsh Act. In contrast, the BOP decided that, for the same rationale provided by Congress in passing the Walsh Act, inmates who were convicted of a sexual abuse offense against

a minor should categorically be excluded from early release upon RDAP completion. Collateral estoppel is inapplicable here.

Res judicata is also inapplicable here. "Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n. 5 (1979). There was no second suit here. In making its determination that Petitioner is not entitled to early release upon RDAP completion, the BOP did not determine that Petitioner was subject to the Walsh Act, but rather that he was incarcerated for "[a]n offense that by its nature or conduct involves sexual abuse offenses committed upon minors" under 28 CFR 550.55(b)(5)(iv). (Kotch Decl., ¶4, Ex. 4, ECF No. 8-2 at 12.) Neither res judicata nor collateral estoppel extend so far as to preclude the BOP from relying on the same rationale as Congress in passing the Adam Walsh Act when it excluded prisoners incarcerated for sexual abuse offenses against minors. Therefore, Ground Two of the petition is denied.

### 3. Double Jeopardy Claim

"The Double Jeopardy Clause … provides that no person may be tried more than once 'for the same offence.'" Currier v. Virginia, 138 S. Ct. 2144, 2149 (2018). The Double Jeopardy Clause also protects against multiple punishments for the same offense. Whalen v. U.S., 445 U.S. 684, 688 (1980). The BOP did not try Petitioner

for any criminal offense nor did it impose a punishment on Petitioner based on his criminal offense. The BOP used its discretionary authority to deny Petitioner eligibility for early release on the sentence that was imposed by the sentencing court. Petitioner's Double Jeopardy Claim is without merit and is denied.

### 4.   Equal Protection Claim

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982)). "The central purpose of the Clause 'is to prevent the States from purposely discriminating between individuals on the basis of race.'" Doe ex rel. Doe v. Lower Merion Sch. Dist., 665 F.3d 524, 543 (3d Cir. 2011) (quoting Shaw v. Reno, 509 U.S. 630, 642 (1993) (citing Washington v. Davis, 426 U.S. 229, 239 (1976)). "Thus, '[p]roof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause.'" Id. (quoting Antonelli v. New Jersey, 419 F.3d 267, 274 (3d Cir. 2005) (quoting City of Cuyahoga Falls v. Buckeye Cnty. Hope Found., 538 U.S. 188, 194 (2003)) (internal citations and quotation marks omitted in Antonelli).

Although Petitioner has alleged that the BOP treated him differently from others who were convicted of the same category of crime, he does not allege any facts supporting a conclusion that the BOP had a *racially* discriminatory intent in denying him eligibility for early release for RDAP completion. Further, Petitioner has not stated a "class of one" equal protection claim because he does not allege that he is the only inmate who was convicted of the same category offense under 18 U.S.C. § 2422(b) who was denied early release upon RDAP completion; in other words, he was not in a "class of one." See <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564-65 (2000) (holding that the Equal Protection Clause "gives rise to a cause of action on behalf of a "class of one.") Therefore, Ground Four of the petition is denied.

III. CONCLUSION

For the reasons discussed above, the Court denies Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241.

An appropriate Order follows.

Dated: <u>July 26, 2018</u>

<u>s/Renée Marie Bumb</u>
**Renée Marie Bumb**
**United States District Judge**